IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STEVEN V BANKS, | ) | |
| Plaintiff(s), | ) ) | No C 03-2718 VRW (PR) |
| vs. | ) ) | ORDER GRANTING DEFENDANTS' MOTION FOR |
| SAN FRANCISCO SHERIFF'S DEPARTMENT, et al, | ) ) ) | DISMISSAL/SUMMARY JUDGMENT |
| Defendant(s). | ) ) | (Doc # 68) |

Plaintiff, a prisoner at Avenal State Prison, filed the instant pro se civil rights action for damages under 42 USC § 1983 alleging that on or about April 2, 2003, while detained at the San Francisco County Jail, he was assaulted by southern Mexican inmates as a result of the San Francisco Sheriff's Department's policy of housing southern Mexicans ("Sureños") and African Americans together at County Jail # 1 despite their documented animosity towards each other. Plaintiff, who is African-American, specifically alleges that Captain Butler and Sergeant Tilden were deliberately indifferent to his safety because they failed to segregate him and other African-American inmates from Sureño inmates despite his warning them that the two groups did not get along.

1   Per order filed on August 5, 2004, the court found that plaintiff's
2   allegations, liberally construed, stated a cognizable claim under § 1983 for
3   deliberate indifference to safety and ordered the United States Marshal to serve
4   Butler, Tilden and the San Francisco Sheriff's Department. Defendants now
5   move for summary judgment on the ground that there are no material facts in
6   dispute and that they are entitled to judgment as a matter of law. Defendants
7   specifically argue that plaintiff failed to exhaust administrative remedies before
8   filing suit, as required by 42 USC § 199e(a), and that there is insufficient
9   evidence to establish a violation of the Fourteenth Amendment. Plaintiff has
10  filed an opposition and defendants have filed a reply.

## DISCUSSION

A.   Standard of Review

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed R Civ P 56(c). Material facts are those which may affect the outcome of the case. Anderson v Liberty Lobby, Inc, 477 US 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. Id.

The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. Celotex Corp v Cattrett, 477 US 317, 323 (1986). Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. But on an issue for which the opposing party will have the burden of proof at trial, as is the case here, the

1  moving party need only point out "that there is an absence of evidence to support
2  the nonmoving party's case." Id.
3       Once the moving party meets its initial burden, the nonmoving party must
4  go beyond the pleadings and, by its own affidavits or discovery, "set forth
5  specific facts showing that there is a genuine issue for trial." Fed R Civ P 56(e).
6  If the nonmoving party fails to make this showing, "the moving party is entitled
7  to judgment as a matter of law." Celotex Corp., 477 US at 323.
8  B.    Analysis
9       Defendants argue that they are entitled to summary judgment because
10 plaintiff failed to exhaust administrative remedies before filing suit, as required
11 by 42 USC § 199e(a), and because there is insufficient evidence to establish that
12 defendants were deliberately indifferent to plaintiff's safety in violation of the
13 Fourteenth Amendment.
14     1.    Nonexhaustion
15      The Prison Litigation Reform Act of 1995 amended 42 USC §
16 1997e to provide that "[n]o action shall be brought with respect to prison
17 conditions under [42 USC § 1983], or any other Federal law, by a prisoner
18 confined in any jail, prison, or other correctional facility until such administrative
19 remedies as are available are exhausted." 42 USC § 1997e(a). Although once
20 within the discretion of the district court, exhaustion in prisoner cases covered by
21 § 1997e(a) is now mandatory. Porter v Nussle, 534 US 516, 524 (2002). All
22 available remedies must now be exhausted; those remedies "need not meet
23 federal standards, nor must they be 'plain, speedy, and effective.'" Id (citation
24 omitted). Even when the prisoner seeks relief not available in grievance
25 proceedings, notably money damages, exhaustion is a prerequisite to suit. Id;
26 Booth v Churner, 532 US 731, 741 (2001). Similarly, exhaustion is a
27
28                               3

prerequisite to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.  Porter, 534 US at 532.

Nonexhaustion under § 1997e(a) is an affirmative defense.  Wyatt v Terhune, 315 F3d 1108, 1119 (9th Cir 2003).  It should be treated as a matter of abatement and brought in an "unenumerated Rule 12(b) motion rather than [in] a motion for summary judgment."  Id (citations omitted).  Defendants' motion for summary judgment on the ground that plaintiff failed to exhaust available administrative remedies before filing suit accordingly will be construed as an unenumerated Rule 12(b) motion to dismiss.

In deciding a motion to dismiss for failure to exhaust administrative remedies under § 1997e(a), the court may look beyond the pleadings and decide disputed issues of fact.  Id at 1119-20.  If the court concludes that the prisoner has not exhausted the appropriate administrative process, the proper remedy is dismissal without prejudice.  Id at 1120.

Here, defendants set forth evidence showing that in order to exhaust his administrative remedies at the jail, plaintiff was required to file a grievance and, if unsatisfied with the result, appeal the issue to the custody division commander.  They argue that plaintiff did not exhaust his administrative remedies because the evidence shows that although plaintiff filed a grievance, he did not appeal its denial to the custody division commander.

Plaintiff's contention that he was not required to appeal because the jail did not act on his grievance is without merit because the evidence makes clear that his grievance was reviewed and denied by jail staff on April 22, 2003.  The evidence further shows that shortly after his grievance was denied, plaintiff chose to file the instant action rather than appeal the denial of his grievance to the

custody division commander. Defendants' motion to dismiss for failure to exhaust administrative remedies before filing suit is granted. See <u>McKinney v Carey</u>, 311 F3d 1198, 1199-1201 (9th Cir 2002) (prisoner action must be dismissed unless the prisoner exhausted available administrative remedies before he filed suit, even if the prisoner fully exhausts while the suit is pending).

        2.       <u>Deliberate indifference to safety</u>

Defendants argue that they are entitled to summary judgment on plaintiff's deliberate indifference to safety claim, even if exhausted, because there is insufficient evidence to establish at trial that defendants were deliberately indifferent to plaintiff's safety in violation of the Fourteenth Amendment.

A pretrial detainee establishes a violation of the right to personal security protected by the Due Process Clause of the Fourteenth Amendment by demonstrating that prison officials acted with deliberate indifference. <u>Redman v County of San Diego</u>, 942 F2d 1435, 1443 (9th Cir 1991) (en banc). A prison official acts with deliberate indifference only if he knows of and disregards an excessive risk to inmate health or safety. <u>Farmer v Brennan</u>, 511 US 825, 837 (1994). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. Id. Negligence is not sufficient to impose liability under § 1983. Id at 835; <u>Frost v Agnos</u>, 152 F3d 1124, 1128 (9th Cir 1998). Rather, the official's conduct must have been "wanton," which turns not upon its effect on the prisoner, but rather, upon the constraints facing the official. Id (citing <u>Wilson v Seiter</u>, 501 US 294, 302-03 (1991)).

Here, the undisputed evidence shows that on or about April 2, 2003, while plaintiff was eating breakfast alongside other inmates in a jail housing unit known as "E-Tank," a fight erupted among some of the inmates. Plaintiff, a non-

combatant, believes the fight arose out of racial tensions between African-American and Sureño inmates because, during the fight, the combatants insulted each other with racial epithets. In the course of the fight, plaintiff was injured by an unknown inmate or inmates.

Prior to being placed in E-Tank, plaintiff had warned Butler and Tilden that African-American and Sureño inmates had an adversarial relationship and should not be housed together. Both told plaintiff that they would consider his concerns; however, plaintiff (along with other African Americans) remained housed in E-Tank with Sureños and was subsequently injured in the fight described above. Plaintiff claims that defendants' failure to segregate him (and other African-American inmates) from Sureño inmates amounted to deliberate indifference to his safety in violation of his Fourteenth Amendment rights.

Despite being advised to do so, plaintiff has set forth no evidence in support of his claim. His opposition, comprised solely of a five-page memorandum, simply argues that Butler and Tilden were deliberately indifferent to his safety because they failed to segregate him and other African American inmates from Sureño inmates in Tank E after he specifically warned Butler and Tilden about animosity between African-American and Sureño inmates. There is no declaration or other evidence showing that plaintiff's warning or some other fact made defendants aware of a "substantial risk of serious harm," or, much less, that defendants disregarded the risk by failing to take reasonable steps to abate it. Farmer, 511 US at 837. Plaintiff's warning did not pertain to a threat of violence between rival gang members or to a specific threat to his safety, but rather to his belief that all African-American and Sureño inmates should be segregated because they did not get along. Plaintiff's assertion of "documented" animosity between all African-American and Sureño inmates is not supported by evidence

in the record. Nor is his apparent belief that defendants "wantonly" disregarded his warning, rather than assessed it and concluded that segregating inmates by race was not required in Tank E. Cf <u>Johnson v California</u>, 125 S Ct 1141, 1152 (2005) (racial segregation of prison inmates violates Equal Protection Clause unless policy is narrowly tailored to serve a compelling penological interest). Plaintiff's conclusory assertions are simply not enough to create a genuine issue for trial on his claim of deliberate indifference and defeat defendants' motion for summary judgment. See <u>Leer v Murphy</u>, 844 F2d 628, 633 (9th Cir 1988) (conclusory allegations insufficient to defeat summary judgment). Defendants are entitled to summary judgment as a matter of law. See <u>Celotex Corp.</u>, 477 US at 323.[1]

## CONCLUSION

For the foregoing reasons, defendants' motion for dismissal/summary judgment (doc # 68) is GRANTED.

The clerk shall enter judgment in favor of defendants, terminate all pending motions as moot, and close the file.

SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge

---

[1] Plaintiff's last-minute plea for a continuance to obtain further discovery does not compel a different conclusion. Plaintiff has been free to seek discovery since the court ordered his complaint served on August 5, 2004 and does not show how evidence sought would preclude summary judgment. See, eg, <u>Nicholas v Wallenstein</u>, 266 F3d 1083, 1088-89 (9th Cir 2001) (district court did not abuse its discretion in denying motion for continuance where plaintiffs had already conducted a large amount of informal discovery and where they did not make clear how information sought would preclude summary judgment).